# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kelsey Johnson,

     Plaintiff(s),

v.

Universal Protection Service, LLC,

     Defendant(s).

Case No. 2:25-cv-02413-RFB-MDC

**Order**

An early neutral evaluation ("ENE") is currently set for May 18, 2026.  Docket Nos. 10, 11.   This case is not appropriately set for an ENE at this juncture.  First, it is not clear that the parties held the required Rule 26(f) conference,[1] and Plaintiff served a computation of damages *after* the parties conferred about proceeding with the ENE and *after* Defendant prepared its ENE statement.   Second, the Court ordered the parties to exchange an initial settlement offer and counter-offer, Docket No. 9, and the parties represented that they had done so and that an ENE would be fruitful, Docket No. 15.  The record is now not so clear.  Plaintiff represents in her ENE statement that there have been no settlement offers made.  Defendant identifies prior settlement offers, but its statements raise concern that having an ENE would be futile.  Third, it appears that there is an arbitration agreement that was served by Defendant as an initial disclosure.[2]  The notice assigning this case to the ENE program specified that "[p]arties to cases subject to mandatory arbitration, as well as parties who agree to arbitrate, **must** notify the Court of the same no later than 14 days after the date of this Notice."  Docket No. 2 (emphasis in original).  The parties have not filed any notice regarding arbitration in this case and, apparently, the parties have not even

---

[1] The Rule 26(f) conference should have taken place within 30 days of Defendant's first appearance, which was on February 27, 2026.  *See* Docket No. 7; Local Rule 26-1(a).  The discovery plan was due 14 days thereafter.  Local Rule 26-1(a).  No discovery plan has been filed.

[2] Despite the arbitration agreement being Bates stamped (and presumably disclosed) by Defendant, Plaintiff indicates that no arbitration agreement has been identified.

1

discussed the same. *But see, e.g.*, Fed. R. Civ. P. 26(f) (identifying topics for Rule 26(f) conference, including possibilities for resolving the dispute). In short, the elementary steps for this case to proceed to an ENE were not followed. The Court **VACATES** the ENE. The Court **INSTRUCTS** the Clerk's Office to remove the ENE flag and the undersigned from this case.

IT IS SO ORDERED.

Dated: May 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2